IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
MARCH 24, 2009 Session

# APOLLO HAIR SYSTEMS OF NASHVILLE, INC. v. MICROMODE MEDICAL, LTD., ET AL.

### Direct Appeal from the Chancery Court for Davidson County
### No. 04-1560-III     Ellen Hobbs Lyle, Chancellor

No. M2008-00851-COA-R3-CV - Filed June 11, 2009

Plaintiff filed suit against two defendants, and the trial court granted summary judgment in favor of one of the defendants. Plaintiff filed a notice of appeal to this Court. However, we find that this Court lacks jurisdiction to hear the appeal because the order appealed from is not a final judgment. Therefore, we dismiss the appeal and remand the case to the trial court.

### Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed, Case Remanded

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Charles Watson Cross, Nashville, TN, for Appellant

Daniel P. Berexa, J. Matthew Blackburn, Nashville, TN, for Appellee Micromode Medical, Ltd.

# MEMORANDUM OPINION[1]

## I. Facts & Procedural History

Apollo Hair Systems of Nashville, Inc. ("Plaintiff") was a Tennessee corporation doing business in Nashville, Tennessee. Micromode Medical Limited, trading as CACI International ("Defendant CACI"), is a limited liability company established under the laws of the United Kingdom. Defendant CACI manufactures cosmetic and skincare products. Deborah Satterwhite ("Defendant Satterwhite") is a resident of Maryland who conducted business as Apollo International of Ellicott City, LLC.

Plaintiff filed suit against Defendant CACI and Defendant Satterwhite in the Davidson County Chancery Court on May 26, 2004. Plaintiff alleged that it had leased two products manufactured by Defendant CACI based on contact with Defendant Satterwhite, who Plaintiff claimed was "the sales agent and exclusive distributor for North America for CACI." Plaintiff alleged that when the two products arrived in the United States, they were refused admission into the country by the Food and Drug Administration. As such, Plaintiff asserted the following claims against Defendant CACI: breach of its warranty of merchantability, breach of its warranty of fitness for a particular purpose, breach of express warranties, intentional or negligent misrepresentation, and violation of the Tennessee Consumer Protection Act. Plaintiff also set forth claims against Defendant Satterwhite for negligent or intentional misrepresentation.

Defendant Satterwhite filed an answer denying that she was an agent or distributor for Defendant CACI and claiming that "her contract with CACI is through her corporation which is Apollo International of Ellicott City, LLC." Defendant CACI also filed an answer denying that Defendant Satterwhite was its agent.

On November 14, 2007, Defendant CACI filed a motion for summary judgment as to all claims asserted against it by Plaintiff. The trial court granted Defendant CACI's motion for summary judgment by order entered on March 25, 2008.

## II. Discussion

Plaintiff filed a notice of appeal to this Court, and it presents various issues challenging the lower court's grant of summary judgment to Defendant CACI and its refusal to allow Plaintiff to

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

amend its complaint. Plaintiff continues to assert on appeal that Defendant Satterwhite was CACI's exclusive distributor and agent.

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we have reviewed the appellate record to determine if this Court has subject matter jurisdiction to hear this matter. After this review, it appears to the Court that it does not have jurisdiction. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990). Rule 3(a) of the Tennessee Rules of Appellate Procedure provides:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

According to Defendant CACI's brief on appeal, "[P]laintiff's claims against Deborah Satterwhite are still pending." Plaintiff's brief simply states that "Satterwhite's attorney resigned and Satterwhite stopped participating in the case." Because it appears that the trial court did not adjudicate all of the claims and liabilities of all of the parties, this Court could only have jurisdiction to hear this matter if permission to appeal has been granted, or if the order appealed was made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.[2] The record does not reflect, however, that permission to appeal has been granted or that the order appealed was made final pursuant to Rule 54.02.

## V. CONCLUSION

---

[2] Rule 54.02 provides:

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Based upon our conclusion that this Court does not have subject matter jurisdiction to consider this appeal, we are compelled to dismiss the appeal and remand the case to the trial court for further proceedings. Costs of this appeal are taxed to the appellant, Apollo Hair Systems of Nashville, Inc., and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.